UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

METROPOLITAN LIFE INSURANCE COMPANY          CIVIL ACTION

v.                                           NO. 15-362

LYNDA TORRY SCOTT, ET AL.                    SECTION "F"


ORDER AND REASONS

Before the Court is defendant Terrell McMaster's motion for summary judgment.  For the reasons that follow, the motion is DENIED without prejudice.

**Background**

Cornelius Scott was killed by a "lethal stab wound to the chest."  Mr. Scott is survived by his widow, Lydia Torry Scott, and his son, Terrell McMasters.  Before he died on October 13, 2012, Mr. Scott worked for Laitram, L.L.C., an ERISA-regulated employee welfare benefit plan sponsored by Laitram and funded by group life insurance policies issued by Metropolitan Life Insurance Company. At the time of his death, Mr. Scott was enrolled under the Plan for life insurance and accidental death and dismemberment coverage totaling $482,000.00.

MetLife filed a complaint in interpleader in this Court on February 5, 2015, asserting that it cannot determine the proper beneficiary or beneficiaries of the group life insurance policy it

issued and administers as claim fiduciary for Laitram. That is, although the latest beneficiary designation on file with the Plan for Mr. Scott names Mrs. Scott as the sole primary beneficiary of the life insurance benefits, and Mrs. Scott completed an affidavit for the Plan benefits, MetLife alleges in its complaint Mrs. Scott has not been ruled out as a suspect in Mr. Scott's death. Accordingly, MetLife cannot determine whether a court would find that Mrs. Scott is disqualified from receiving the Plan benefits based on federal common law and state laws that prohibit an individual from receiving funds if that person is convicted in the death of the insured. If Mrs. Scott is disqualified, then the Plan benefits would be payable to Mr. McMasters under the Plan's facility of payment provision. Accordingly, MetLife filed this interpleader action as a mere stakeholder that is ready, willing, and able to pay the Plan benefits to whomever the Court determines benefits should be paid. Consistent with this, the Court granted MetLife's motion to deposit funds into the registry of the Court on February 11, 2015.

Mr. McMasters, pro se, now seeks summary relief in his favor and against Mrs. Scott on the ground that Mrs. Scott is precluded from inheriting his father's benefits because she murdered him.

I.

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine dispute as to

2

any material fact such that the moving party is entitled to judgment as a matter of law.  No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party.  <u>See</u> <u>Matsushita Elec. Indus. Co.</u> <u>v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986).  A genuine dispute of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party."  <u>Anderson v.</u> <u>Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

## II.

Mr. McMasters invokes, generally, the "Slayer Rule," which he submits prohibits inheritance by a person who murders someone from whom he or she stands to inherit.[1]  The Court finds that Mr. McMasters' motion is premature.  There is evidence in the record to support Mr. McMasters' contention that Mrs. Scott is the only *suspect* in the homicide of Cornelius Scott.[2]  However, he fails to refer the Court to the fact of any conviction, or any case law holding that Mrs. Scott is precluded from recovery as a mere suspect, as opposed to having been *convicted* of murder.  It appears from a brief survey of the case literature that conviction triggers forfeiture.  <u>See</u>, <u>e.g.</u>, <u>Metropolitan Life Ins. Co. v. White</u>, 972 F.2d 122, (5th Cir. 1992)("The [final murder] conviction alone

---

[1] Mr. McMasters does not suggest which law (state or federal or, if state, which state's law) applies.

[2] Mr. McMasters cites the police report.

triggers the forfeiture rule as a matter of [Texas] law and, in addition, is conclusive as a matter of federal law").

Accordingly, Mr. McMasters' motion is DENIED without prejudice. Mr. McMasters may re-file a motion for summary judgment that can be supported by additional factual evidence, such as proof of conviction, or if he can direct the Court to binding or persuasive case law that holds that one suspected of murder is disqualified from receiving the decedent's benefits.[3]

New Orleans, Louisiana, June 3, 2015

MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[3] Of course, the other parties to this case may submit appropriate papers informing the Court as to these issues.

4