UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

METROPOLITAN LIFE INSURANCE COMPANY                CIVIL ACTION

v.                                                 NO. 15-362

LYNDA TORRY SCOTT, ET AL.                          SECTION "F"

ORDER AND REASONS

On December 10, 2015, the Court held a rule to show cause hearing to afford defendant Lynda Torry Scott one last opportunity to explain her conduct and why default judgment should not be entered against her pursuant to Rule 16(f). Mrs. Scott has once again failed to appear in total disregard of the courtesy and indulgence of this Court and the parties. For this reason, and for those reasons articulated in the Court's November 13, 2015 Order and Reasons, the Court hereby enters a default judgment against Mrs. Scott and in favor of Terrell McMaster.

**Background**

This civil interpleader action calls on the Court to determine whether a widow murdered her husband without justification such that she is disqualified from receiving his life insurance proceeds.

On October 13, 2012, Cornelius Scott was killed by a "lethal stab wound to the chest." Mr. Scott is survived by his widow, Lynda Torry Scott, and his son, Terrell McMaster. Before his

1

death, Mr. Scott worked for Laitram, L.L.C., an ERISA-regulated employee welfare benefit plan sponsored by Laitram and funded by group life insurance policies issued by Metropolitan Life Insurance Company. At the time of his death, Mr. Scott was enrolled under the Plan for life insurance and accidental death and dismemberment coverage totaling $482,000.00.

The latest beneficiary designation on file with the Plan for Mr. Scott names Mrs. Scott as the sole primary beneficiary of the life insurance benefits, and Mrs. Scott initiated the application process to claim the Plan benefits. However, Mrs. Scott has not been ruled out as a suspect in Mr. Scott's death. Unable to determine the proper beneficiary or beneficiaries of the group life insurance policy it issued and administers as claim fiduciary for Laitram, MetLife filed a complaint in interpleader in this Court on February 5, 2015.[1] On February 11, 2015, the Court granted MetLife's motion to deposit funds in the amount of $565,775.56 into the Court's registry.

On May 18, 2015, Mr. McMaster, pro se, requested summary

---

[1] MetLife could not determine whether a court would find that Mrs. Scott is disqualified from receiving the Plan benefits based on federal common law and state laws that preclude an individual from receiving funds if that person is convicted in the death of the insured. If Mrs. Scott is disqualified, then the Plan benefits are payable to Mr. McMaster under the Plan's facility of payment provision. Accordingly, MetLife filed this interpleader action as a mere stakeholder that is ready, willing, and able to pay the Plan benefits to whomever the Court determines benefits should be paid.

relief in his favor and against Mrs. Scott; he submitted that Mrs. Scott is precluded from receiving his father's benefits because she murdered him.  No opposition to Mr. McMaster's motion was filed. On June 3, 2015, the Court denied the motion, without prejudice, as premature.  In so doing, the Court noted generally that, under the so-called Slayer Rule invoked by Mr. McMaster, "conviction triggers forfeiture."  The Court noted that "Mr. McMaster may re-file a motion for summary judgment that can be supported by additional factual evidence, such as proof of conviction, or if he can direct the Court to binding or persuasive case law that holds that one suspected [as opposed to convicted] of murder is disqualified from receiving the decedent's benefits."  Mr. McMaster sought summary relief for a second time.  Even though no response or opposition papers were filed, on September 2, 2015, the Court denied the motion because the summary judgment record was "insufficient for the Court to enter judgment as a matter of law that Mrs. Scott intentionally and without justification killed Mr. Scott."

    On September 17, 2015, the Court issued a scheduling order setting a bench trial for February 6, 2016.  Meanwhile, MetLife moved for summary judgment and attorney's fees and costs and Mr. McMaster moved for sanctions against Mrs. Scott.  On November 13, 2015, the Court granted Mr. McMaster's motion for sanctions; in so doing, the Court struck the answer filed by Mrs. Scott pursuant to Rule 16(f), ordered Mrs. Scott to file an answer within 14 days,

3

and ordered Mrs. Scott to appear on December 10, 2015 at 1:30 p.m. to show cause as to why default judgment should not be entered against her.[2] On November 24, 2015, the Court granted MetLife's motion for summary judgment and motion for attorney's fees and costs; MetLife was dismissed from the case with prejudice. The Court now considers whether a default judgment against Ms. Scott in favor of Mr. McMaster is warranted.

I.

When a party fails to appear at a scheduling or other pretrial conference, or fails to obey a scheduling or pretrial order, Federal Rule of Civil Procedure 16(f) empowers the Court to impose sanctions including those authorized by Rule 37(b)(2)(A) (ii)-(vii). Fed. R. Civ. P. 16(f). Rule 37 sanctions include striking a party's pleading and entering a default judgment against a disobedient party.

---

[2] The Court reasoned:

> Defendant Lynda Scott has not participated in the proceedings for over seven months. She failed to file an opposition to either of Mr. McMaster's motions for summary judgment. More significantly, she has twice failed to participate in scheduling conferences and has failed to comply with the Court's related pretrial management orders dating back to July 20, 2015, showing a disregard for these proceedings. The Court accordingly finds that a record of delay and contumacious conduct exists.

See Order and Reasons dated 11/13/15.

Given that dismissal and default are harsh sanctions, the Fifth Circuit has instructed that it will affirm dismissal or default under Rule 16(f) "only if a 'clear record of delay or contumacious conduct by the plaintiff' exists and 'lesser sanctions would not serve the best interests of justice.'" Price v. McGlathery, 792 F.2d 472, 474 (5th Cir. 1986) (citing Rogers v. Kroger Co., 669 F.2d 317, 320 (5th Cir. 1982)); see also Dockum v. Wal-Mart Stores Texas, LP, 220 Fed.App'x 335, 336 (5th Cir. 2007) (providing that the standard of review for dismissal under 16(f) also applies to review of the entry of default against a defendant under 16(f)).  Before entering default under Rule 16(f), district courts must either (a) consider alternative sanctions and determine that they would not be sufficient to prompt diligent prosecution or (b) employ lesser sanctions prior to entry of default. Callip v. Harris Cnty. Child Welfare Dep't, 757 F.2d 1513, 1521 (5th Cir. 1985).

## II.

This Court has employed lesser sanctions than default, to no avail.  After the Court struck Ms. Scott's answer as a sanction for her contumacious conduct, the Court gave her an opportunity to re-file an answer.  Ms. Scott failed to do so.  The Court ordered Ms. Scott to appear to show cause why default judgment should not be entered against her.  Ms. Scott failed to appear at the rule to show cause hearing.  Her willful failure to participate in these

5

proceedings justifies entry of a default judgment against her and in favor of the only remaining defendant, Mr. McMaster. The Plan benefits shall be payable to Mr. McMaster.

Accordingly, IT IS ORDERED: that default judgment be entered in favor of Terrell McMaster and against Lynda Scott.

New Orleans, Louisiana, December 10, 2015

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE